UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                        Case No. 05-CR-113

JAMES P. THEYERL,

        Defendant.

**ORDER FOR DETENTION**

On April 12, 2005, the grand jury returned an Indictment charging the defendant, James P. Theyerl, with one count of corruptly endeavoring to obstruct or impede the due administration of the Internal Revenue laws by filing with the Internal Revenue Service ("IRS") false forms 8300 and thirteen counts of making fraudulent or false statements on such forms. Following an initial appearance on April 22, 2005, the defendant was ordered detained. A detention hearing was held on May 4, 2005, at the conclusion of which Magistrate Judge James Sickel ordered the defendant detained pending trial. Judge Sickel found that the defendant was a threat to the safety of the public and that there was a significant risk that he would not appear in the future. Accordingly, he was ordered detained pursuant to 18 U.S.C. § 3142(e). In so ruling, the magistrate judge found that the defendant was less than honest during his pretrial interview regarding his finances and employment, he has made multiple threats of violence to law enforcement officers and has failed to comply with orders in the past.

On May 12, 2005, the defendant appealed the magistrate judge's decision to this court and requested a *de novo* review. A transcript has been prepared and I have now read the entire transcript of the hearing held on May 4, 2005. Based upon my consideration of the evidence presented at that time, and the arguments made in the defendant's motion, I conclude that the decision of the magistrate judge should be affirmed and that the order of detention should continue. I find from the evidence adduced at the hearing that the defendant has, on multiple occasions, made threats to the physical safety of law enforcement officers. Specifically, the evidence shows that in March of 2004, the defendant contacted a legislative aid for a state senator, complaining about treatment by DNR agents. The defendant stated that he had a gun and commented that "if we can't win in court then we have to take lives." The defendant also commented that "the DNR wardens may have bullet proof vests to protect them, but there is nothing protecting their head." He referred to one DNR warden as an idiot and a terrorist, and mentioned that he and some of his friends have the home addresses of the Manitowoc wardens and followed them home. In the course of the conversation, the defendant again reiterated that "if you can't beat them in the system, which is corrupt, then there is no other option but to use force." Detention hearing Government Exhibit 2.

The evidence demonstrated that similar threats were made by the defendant in conversations with DNR agents that were investigating his charter fishing business. He made similar statements to Special Agent Dean Costello of the IRS, Criminal Investigation Division. According to Agent Costello, he served a subpoena on the defendant in May, 2003. The defendant told Agent Costello and another agent at that time that they had it all wrong and that he pays his taxes. According to Agent Costello, the defendant stated that "this would all end up in one big shoot-out." Agent Costello also testified that the defendant failed to appear in response to his subpoena. Furthermore,

2

at the time of the defendant's arrest on April 21, 2005, Agent Costello stated that the defendant threatened to punch him in the face and stated that if they lost his dogs, he would shoot them.

Opposing the Government's request for continued detention, the defendant points to a series of petitions signed by many of his friends and family. He also notes that Sheriff Peterson of Manitowoc County signed an affidavit stating that he was not a threat to society. According to Agent Costello, however, Sheriff Peterson explained that, although he did not think the defendant was a threat to society, he was a threat to law enforcement. If required to arrest the defendant, according to Sheriff Peterson, he would use the county's swat team because of the threats the defendant has made.

The defendant also notes that he is a fifty-seven-year-old lifetime resident of the area and has essentially no criminal convictions, other than a contempt citation and a citation for acting as a guide without a sport trolling license. He notes that, although the Government has introduced evidence of threats, there is no evidence that he has actually used violence on others.

Notwithstanding the absence of a significant prior record, I am satisfied that the detention order should continue. It is clear from the defendant's interview with pre-trial services, as well as his appearance in court, that he does not have any respect for the authority of either the state or federal government. He views himself as a persecuted individual and has threatened to take matters into his own hands and use violence against law enforcement officers who, by carrying out their duties, interfere with his activities. These are not the threats of a brash young man under the influence of intoxicants. The threats recounted in the course of the hearing are by a middle-aged man in a variety of settings, including in court and on telephone calls with government officials. In light of the nature of the threats and the attitudes expressed toward the law enforcement involved,

I conclude that the defendant represents a danger to the safety of members of law enforcement and that no condition or combination of conditions can insure his continued appearance in court or the safety of the community.

Accordingly, the detention order of the magistrate judge is affirmed and the motion for release is denied.

**SO ORDERED**.

Dated this   6th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge