UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 05-CR-113

JAMES PAUL THEYERL,

    Defendant.

### RECOMMENDATION AND ORDER RE: THE PARTIES' PRETRIAL MOTIONS

### I. BACKGROUND

On April 22, 2005, a federal grand jury sitting in the Eastern District of Wisconsin returned a fourteen count indictment naming James Paul Theyerl ("Theyerl") as the defendant. Count One of the indictment charges that Theyerl "corruptly endeavored to obstruct and impede the due administration of the Internal Revenue laws by filing with the Internal Revenue Service (hereinafter "IRS") false Forms 8300, thereby using the IRS as a tool of retaliation against public employees for the lawful performance of their official duties," all in violation of Title 26 U.S.C . § 7212(a). Counts Two through Fourteen charge that on thirteen separate occasions Theyerl

> wilfully made and subscribed false Forms 8300, "Report of Cash Payments over $10,000 Received in a Trade or Business," each of which contained a written declaration that it was signed under the penalties of perjury and none of which the defendant believed to be true and correct as to every material matter [in that] the defendant filed Forms 8300 on the dates indicated and reported that an amount of cash had been paid on the defendant's behalf from an identified individual, assertions which the defendant then and there well knew and believed to be false . . . [a]ll in violation of Title 26, United States Code, Section 7206(1).

On April 22, 2005, Theyerl was arraigned on the charges and the court entered a not guilty plea to all counts on his behalf. A final pretrial conference is currently scheduled to be conducted before United States District Judge William C. Griesbach on July 1, 2005, and a trial is currently scheduled to be conducted before Judge Griesbach on July 11, 2005. In accordance with the pretrial motion schedule, Theyerl (who is representing himself, with Assistant Federal Defender Thomas E. Phillip serving as standby counsel) filed several pretrial motions: (1) a "Motion to Dismiss for failure to state a claim upon which relief may be granted" (filed on May 12, 2005); (2) a "Motion to Dismiss for failure to state a claim upon which relief may be granted" (filed on May 24, 2005); (3) a "Motion for the Court to take judicial notice under F.R.C.P. Rules of Evidence 201(d) of [certain] facts."; and (4) a "Motion for full disclosure of any and all evidence under F.R.C.P. 16(1)(a) and title 18 § 3500(b)." The government's responses to the defendant's motions were to be filed no later than June 6, 2005. No responses were filed by the government. Consequently, the defendant's motions are fully briefed and are ready for resolution.

Additionally, on May 11, 2005, the government filed a "Motion to Direct Defendant to Furnish Handwriting and Printing Exemplars." On May 25, 2005, Theyerl filed with the court a written submission in which he asserts, *inter alia*, that "so far in this purported case there is no personal jurisdiction or subject matter jurisdiction in this case, so I cannot respond until my Motion to Dismiss is answered." (Def.'s submission.) This court rejects the defendant's position that he cannot respond to the government's motion until his motion to dismiss is answered. That he has chosen not to respond renders the government's motion, like the defendant's motions, ready for resolution.

2

## II. DISCUSSION

**A. The Defendant's Motions**

Both of the defendant's motions to dismiss seek dismissal of the indictment for "failure to state a claim upon which relief may be granted." The grounds upon which Theyerl predicates his two motions to dismiss overlap, at least to some degree. Thus, the court will address both motions at the same time.

As grounds for his motions to dismiss Theyerl asserts that: (1) he is "not in possession of anything that constitutes legal and lawful criminal process"; (2) he has "seen no documents that are required to be with the complaint, warrant and indictment as per FRCP Rules 3 and 4"; (3) he "was served with a warrant at the jail that does not contain a signature of a judge or magistrate as required by FRCP rule 4"; (4) he has "not seen the required presence of one or more affidavits to support a warrant or summons issuance from a court as required by FRCP Rules 3, 4, 9"; (5) he does "not see anything that establishes probable cause for arrest and detention"; (6) he has "never been shown an affidavit in support of the claim and [he] believe[s] it does not exist"; (7) he "was never presented an affidavit signed by a living, breathing complaining party"; (8) he "was never presented a transcript of the Grand Jury and the concurrent document that all 12 jurors signed"; (9) he "has not been issued bail which keeps [him] from defending [himself] and getting an attorney"; (10) "this is a writ of habeas corpus directing the Federal Marshal and Federal Prosecutor to provide information to the incarcerated that nullifies the above affidavit"; (11) "there has been no personal jurisdiction in this purported case, where the accuser is a positively identifiable human being making this claim. There must be a certain person taking responsibility for the making of the accusation, not an agency or Institution and the accusation must be made under penalty of perjury by the injured party"; and, (12)

3

he is "not in possession of anything that constitutes legal and lawful criminal process." (Def.'s Motions to Dismiss.)

It is obvious from Theyerl's motions to dismiss that he does not understand the federal criminal process. He has been indicted by a grand jury. Thus, to the extent his motions are predicated on claimed violations of Federal Rules of Criminal Procedure 3 and 4, his claims are misplaced. Rule 3 and 4 relate to criminal complaints, not to grand jury indictments.

Furthermore, issuance of an arrest warrant pursuant to Federal Rule of Criminal Procedure 9 does not require an affidavit of any sort. Instead, Rule 9(a) states, inter alia, that "[t]he Court must issue a warrant – or at the government's request, a summons – for each defendant named in an indictment." Moreover, it is not necessary that a judge sign the warrant. Rule 9(b)(1) provides that "[t]he warrant must conform to Rule 4(b)(1) except that it must be signed by the clerk and must describe the offense charged in the indictment or information."

Theyerl also seems to be operating under the misconception that a criminal charge can only be brought against him by an individual, i.e., "a living, breathing complaining party." He is wrong. Pursuant to Federal Rule of Criminal Procedure 7(a)(1), any felony (and the charges being faced by Theyerl are all felonies) "must be prosecuted by an indictment."[1] In turn, Rule 7(c) provides, in pertinent part, that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." The indictment in which Theyerl has been named clearly satisfies this requirement.

---

[1] Moreover, the Fifth Amendment to the United States Constitution provides, in pertinent part, that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a Grand Jury."

4

In sum, and for all of the foregoing reasons, it is recommended that Theyerl's motions to dismiss for failure to state a claim be denied.

Theyerl has also filed a motion for the court to take judicial notice of certain facts. More precisely, Theyerl asserts that he previously requested a representative of the Clerk's Office to provide him with a copy of the transcript of the grand jury proceedings. According to Theyerl, "Deputy Clerk Bd. Ferrill responded with a written notification dated 5-16-2005 that there was none available in there [sic] office on this case." Theyerl then proceeds to conclude that

> [s]ince Bd. Ferrill has stated in writing that there is no Grand Jury Transcript and no documents exit [sic] within the material provided to me (which I did not request or demand) as this proceeding is not at the discovery stage as of this writing; and since the above is a matter of fact, one of two possible explanations exist; and first, that there was in fact no Grand Jury Proceeding and no basis for my arrest and incarceration; and or the Prosecutor Gail Hoffman or United States Attorney Steven M. Biskupic is deliberately withholding material issue of fact that[] below signatory needs to have in order to determine the veracity of the claims being made against me and by whom.

(Def.'s Mot. at 1-2.)

Once again, Theyerl's motion reveals a misunderstanding of the federal criminal process. First of all, transcripts of grand jury proceedings are not filed with the Clerk of Court. Second, grand jury transcripts are not discoverable by defendants without demonstration of a particularized need.

It has been the long-standing practice of courts in this district to require that the government release grand jury transcripts of proposed government witnesses twenty-four hours prior to the trial date. *United States v. Nanz*, 471 F. Supp. 968, 971 (E.D. Wis. 1979); *United States v. Magaw*, 425 F. Supp. 636, 639 (E.D. Wis. 1977). In order to compel the release of grand jury witness' transcripts sooner than twenty-four hours prior to trial, a defendant must demonstrate a particularized need. *United States v. Lisinski*, 728 F.2d 887, 898 (7th Cir. 1984). In making a determination as to whether

disclosure of grand jury minutes should be made, courts balance the need for the materials sought against the need for continued secrecy. *United States v. Peters*, 791 F.2d 1270, 1284 (7th Cir. 1986).

Theyerl asserts that he wants to see the transcripts so that he might "determine the veracity of the claims being made against me and by whom." Simply stated, Theyerl has not demonstrated a particularized need to see the grand jury transcripts earlier than twenty-four hours prior to trial. Consequently, to the extent Theyerl's motion is construed to be a request for early disclosure of grand jury transcripts, his motion will be denied. To the extent it is construed to be a motion for the court to take judicial notice of "certain facts," it will be denied as moot.

Finally, Theyerl has filed a motion for disclosure of materials identified under Federal Rule of Criminal Procedure "16(1)(a)" (the court assumes the defendant means 16(a)(1)) and 18 U.S.C. § 3500. Criminal Local Rule 16.1(b) (E.D. Wis.) sets forth, *inter alia*, the materials which the government will produce to a defendant under its Open File Policy. Among the materials to be produced are

> all information and materials listed in Fed. R. Crim. P. 16(a)(1)(A), (B), and (D); upon defense request, material listed in Fed. R. Crim. P. 16(a)(1)(C); material disclosable under 18 U.S.C. § 3500 other than grand jury transcripts; reports of interviews with witnesses the government intends to call in its case-in-chief relating to the subject matter of the testimony of the witness; relevant substantive investigative reports; and all exculpatory material.

At the defendant's arraignment the government indicated that it would be following its Open File Policy. Criminal Local Rule 16.1(a) provides, in pertinent part, that

> [i]f the government is following the open file policy, the government need not respond to and the Court must not hear any motion for discovery under Fed. R. Crim. P. 16(a) or 16(b) unless the moving party provides in the motion a written statement affirming (i) that a conference with opposing counsel was conducted in person or by telephone, (ii) the date of such conference, (iii) the names of the government counsel and defense counsel or defendant between whom such conference was held, (iv) that

6

agreement could not be reached concerning the discovery or disclosure that is the subject of the motion, and (v) the nature of the dispute.

The defendant's motion was not accompanied by the written statement called for by Criminal Local Rule 16.1(a). Consequently, the defendant's motion for discovery will be denied. Parenthetically, however, the court notes that the materials requested by the defendant will be (if they have not already been) provided under the Open File Policy.

## B. The Government's Motion

The government has filed a motion "for an Order directing the defendant, James P. Theyerl, . . . to furnish handwriting and printing exemplars." (Gov't's Mot. at 1.) In support of its motion the government asserts as follows:

> 5. During the course of this investigation on two occasions the government served defendant Theyerl with grand jury subpoenas compelling him to provide handwriting exemplars. On both occasions after being personally served with the subpoenas, defendant Theyerl failed to appear before the grand jury.
>
> 6. In addition, after twice being served with the grand jury subpoenas, defendant Theyerl sent correspondence bearing an original signature to the government indicating his refusal to honor the subpoenas. These original signatures were used for purposes of comparison; however, a handwriting exemplar provided by the defendant will allow the analyst to make further comparisons.
>
> 7. Therefore, the government seeks to compare handwriting and printing samples of James P. Theyerl to the handwriting on the IRS Forms 8300 bearing Harold Theyerl's name filed with the IRS.

(Gov't's Mot. ¶¶ 5-7.)

Handwriting and handprinting are identifying physical characteristics that are outside the protection of the Fifth Amendment. Indeed, the Seventh Circuit Court of Appeals stated in *United States v. Jackson*, 886 F.2d 838, 845 n.8 (7th Cir. 1989), that "[t]here is no doubt that requiring a defendant to give a handwriting specimen does not violate his fifth amendment privilege against self-

7

incrimination since the privilege reaches only compulsion of a defendant's communication." *Jackson*, 886 F.2d at 845 n.8 (citing *Gilbert v. California*, 388 U.S. 263, 267 (1967). Moreover, in *Jackson*, the court of appeals held that the trial court erred in not allowing into evidence the fact that the defendant had refused to submit handwriting exemplars. Such being the case, the government's motion will be granted and the defendant will be ordered to furnish to a designated law enforcement officer such exemplars of handwriting and handprinting as deemed necessary for comparison purposes.

**NOW THEREFORE IT IS RECOMMENDED** that the defendant's motions to dismiss the indictment be **DENIED**;

**NOW THEREFORE IT IS ORDERED** that the defendant's "Motion for the Court to take judicial notice under F.R.C.P. Rules of Evidence 201(d) of [certain] facts" be and hereby is **DENIED IN PART ON THE MERITS AND DENIED IN PART AS MOOT**;

**IT IS FURTHER ORDERED** that the defendant's motion for discovery be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the government's motion to direct the defendant to furnish handwriting and handprinting exemplars be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the defendant, James Paul Theyerl, furnish forthwith to the United States of America, exemplars of handwriting and printing as the United States deems necessary at a time and place to be arranged by the parties to this action.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order or recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation and order. Objections are

to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this  9th  day of June, 2005, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.  
WILLIAM E. CALLAHAN, JR.  
United States Magistrate Judge

9

Case 1:05-cr-00113-WCG   Filed 06/09/05   Page 9 of 9   Document 21