UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No. 05-CR-113

JAMES PAUL THEYERL,

        Defendant.

**ORDER**

On April 22, 2005, a federal grand jury sitting in the Eastern District of Wisconsin returned a fourteen-count indictment charging James P. Theyerl with various charges involving his filing of false Forms 8300. Count 1 charges Theyerl with a violation of Title 26, U.S.C. § 7212(a). The remaining counts charge him with violating Title 26, U.S.C. § 7206(1).

Theyerl, who is representing himself, filed various motions seeking dismissal of the indictment for "failure to state a claim upon which relief can be granted." On June 9, 2005, Magistrate Judge William E. Callahan, to whom the case was assigned for pretrial proceedings, issued a recommendation that the defendant's motion to dismiss be denied. Magistrate Judge Callahan also addressed a motion by the government to compel the defendant to provide handwriting exemplars.

The ten days allowed for filing of written objections to the recommendation of the magistrate judge have passed and no objection has been filed. Although Theyerl has sent various letters to the court requesting an evidentiary hearing, his letters fail to indicate on what issue the

hearing should be held. The letters do not refer to the recommendation of Magistrate Judge Callahan. Where no objection is made to a recommendation, the district judge reviews the magistrate judge's recommendation for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The clear error standard means that I can overturn the magistrate judge's ruling only if I am "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Here I am satisfied from my review of the magistrate judge's recommendation that he did not commit clear error. The motions reflect a lack of understanding of the Rules of Criminal Procedure and provide no basis upon which a dismissal could be ordered. I therefore accept the recommendation and adopt the findings of fact and conclusions of law set forth therein as my own.

Dated this   1st   day of July, 2005.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge