UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                        Case No. 05-CR-113

JAMES P. THEYERL,

    Defendant.

## ORDER DENYING MOTION TO CORRECT JUDGMENT

    Defendant James Theyerl was convicted on his plea of guilty of one count of filing a false IRS Form 8300 in violation of 26 U.S.C. § 7212(a), and one count of filing a false and fictitious sight draft purported to be issued under the authority of the Department of Treasury, contrary to Title 18 U.S.C. § 514(a)(2). In return for his plea, sixteen additional counts were dismissed. Theyerl was sentenced to ten months on each count to be served concurrently and five years of supervised release. A judgment of conviction was entered on October 31, 2005. Theyerl has now filed a motion to correct the judgment pursuant to Fed. R. Crim. P. 36, claiming that he is entitled to credit on his ten month sentence for the 119 days he spent on electronic monitoring following his release from pretrial detention. Theyerl claims that the 119 days were spent on essentially house arrest under conditions so severe that he should be granted credit toward his sentence. Theyerl also seeks to supplement the record by including the daily activity log that was maintained during the period of time he was on electronic monitoring.

Theyerl's motion to supplement the record with the home detention log will be granted. However, his motion to correct the sentence by granting him credit of one hundred nineteen days spent on electronic monitoring will be denied.

At the outset, I note that Fed. R. Crim. P. 36 authorizes correction of clerical mistakes that appear in the judgment, order, or other part of the record. The Seventh Circuit has held that the rule does not permit correction of errors made by the court, but addresses the court's authority to correct clerical errors made by the clerk. *United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993). The Fifth Circuit has explicitly held that a request for credit for time served prior to the date of sentencing is not cognizable in a proceeding brought under Rule 36. *United States v. Mares*, 868 F.2d 151 (5th Cir. 1989). Thus, Theyerl's motion should be denied on procedural grounds.

Even if I were to reach the merits, however, the result would be the same. A defendant is entitled to credit for "any time spent in official detention prior to the date the sentence commences." 18 U.S.C. § 3585(b). Theyerl has been given credit, presumably, for the time he actually spent in the custody of the Brown County Jail pursuant to this court's order of detention. Following his guilty plea, the court revisited the question of detention, and ordered Theyerl released on conditions. One of the conditions was electronic monitoring. Release on electronic monitoring is not considered official detention. *See United States v. Nauracy*, 1994 WL449273*6 (N.D. Ill. Aug. 17, 1994)("Moreover, every circuit to consider the issue has held that electronic home monitoring does not constitute 'official detention' under § 3585."). Although the Seventh Circuit has not addressed electronic home monitoring, it has held that confinement at a work release center does not qualify

2

for sentence credit. *United States v. Demaio*, 28 F.3d 588, 591 (7th Cir. 1994). Based upon this authority, I conclude that Theyerl is not entitled to credit for time on electronic monitoring prior to his sentencing.

Accordingly, for the reasons stated above, Theyerl's motion to correct his sentence pursuant to Fed. R. Crim. P. 36 (docket # 55) should be and the same hereby is denied. His motion, however, to supplement the record (docket # 57) is granted.

**SO ORDERED** this   15th   day of May, 2006.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge