UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　　　　　　Case No. 05-CR-113

JAMES P. THEYERL,

　　　　　Defendant.

**ORDER DENYING PETITION**

　　　　　On July 29, 2005, Defendant James P. Theyerl entered a plea of guilty to one count of filing a false IRS Form 8300 in violation of 26 U.S.C. § 7212(a) and one count of filing a False and Fictitious Site Draft purportedly issued under the authority of the Department of Treasury, in violation of 18 U.S.C. § 514(a)(2). On October 31, 2005, Theyerl was sentenced to ten months on each count to be served concurrently, and five years of supervised release. Theyerl completed his term of incarceration and his supervised release began on June 16, 2006. On December 19, 2006, his probation officer filed a petition alleging Theyerl had violated the terms of his supervision by failing to provide her with financial information regarding past taxes and his failure to cooperate with the IRS in violation of special condition numbers three and four. In response, Theyerl argued that he had a Fifth Amendment right to decline to answer some of his attorney's questions and to avoid meeting with the IRS. Theyerl also argued that Theyerl also argued that the Government was improperly using his criminal conviction to investigate expected tax evasion. Claiming that the conditions on their face or as applied were in violation of federal law, Theyerl argued that the petition to revoke his supervised release should be denied.

Following briefing on the issues, the court issued a Memorandum Decision on August 6, 2007, clarifying Theyerl's obligations under the conditions of supervision imposed by the court. Recognizing that Theyerl had asserted his Fifth Amendment right in good faith on the advice of counsel, the court declined to take any action on the revocation petition at that time. Instead, Theyerl was directed to meet with his agent within the next twenty days and respond to the request for information as authorized by the court's previously imposed conditions with the understanding that he could assert his Fifth Amendment privilege to questions he reasonable deemed likely to incriminate him. The court further stated that in the event Theyerl complied with the conditions of supervision as the court had then construed them, the petition for revocation would be dismissed.

Six months have now passed since the court's Order directing Theyerl to meet with his agent. His agent has not notified the court of any further difficulties. The court therefore concludes that Theyerl has complied with the court's order and the petition to revoke his supervised release may be denied.

Based upon the foregoing, **IT IS HEREBY ORDERED** that the Petition for Revocation of Supervision is **DENIED**.

Dated this ____6th____ day of February, 2008.

         s/ William C. Griesbach
         William C. Griesbach
         United States District Judge

2