UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                            Case No. 05-CR-113

JAMES P. THEYERL,

    Defendant.

**ORDER**

      This matter again came before the court for a hearing on a petition to revoke the supervised release of Defendant James P. Theyerl on April 22, 2008. Upon consideration of the evidence and argument submitted by counsel, I found that Theyerl had in fact violated the conditions imposed upon him by failing to cooperate with the IRS as instructed. Specifically, I found that Theyerl had violated the condition requiring that he provide the documents that created the trusts which he claims own the businesses that he appeared to be operating. Although Theyerl turned over some documents, he redacted them so as to conceal the names of the individual beneficiaries, trustee and settler. I held that redacting the documents so as to conceal such information was the same as refusing to produce them and thus constituted a violation. Despite this violation, however, I denied the petition to revoke supervision at this time. Instead, I modified the conditions so as to make clear to Theyerl what he was required to do in order to comply with the condition that he cooperate with the IRS. Given the evidence in the record that suggests Theyerl has been concealing income from

a trade or business, I concluded that additional conditions were needed to insure he is in compliance with the law while on supervision. Accordingly, Theyerl is directed to comply with the following:

1. Theyerl must produce to his agent unredacted copies of all trust documents within twenty days.

2. Theyerl must file his tax returns for 2007 in compliance with IRS regulations. If Mr. Theyerl has legal authority disputing the government's contention that business or trade income may not properly be reported on a trust return, he is to provide such authority, and the court will address that issue.

3. Theyerl shall maintain records of any gainful activity he is involved in, whether it is gainful to himself or to a trust for which he is a beneficiary. He shall also maintain all financial records of any income he, or any trust over which he exercises control, receives. Such records must be made available to his agent.

4. Defendant shall make available for inspection the documentation supporting the hand-written itemized financial reports he provided to the probation agent for the previous 12-month period. (i.e. utility bills, insurance, etc.)

Failure to comply with these conditions, in addition to those set forth in the judgment of conviction, may result in revocation of supervised release and a return to prison.

**SO ORDERED** this __24th__ day of April, 2008.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge